**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| **LILY RIEFHOHL**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**ICBD HOLDINGS, LLC**, a Florida limited liability company,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No. 0:26-cv-60343**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, LILY RIEFKOHL ("RIEFKOHL" or Plaintiff), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Pregnancy Discrimination Act (PDA), Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADA), and Florida Civil Rights Act (FCRA) for (1) pregnancy discrimination in violation of the PDA, (2) sex discrimination in violation of Title VII, (3) disability discrimination in violation of the ADA, (4) retaliation in violation of Title VII and the ADA, (5) pregnancy discrimination in violation of the FCRA, and (6) retaliation in violation of the FCRA.

## PARTIES

2. The Plaintiff, LILY RIEFKOHL ("RIEFKOHL") is an individual and a resident of Florida who at all material times was employed by the Defendant in Broward County, Florida.

3. Defendant, ICBD HOLDINGS, LLC ("Defendant") is a Florida limited liability company. The Defendant operates as a holding company providing services to multiple entities, including ABA Centers, a health care provider specializing in care for individuals with autism spectrum disorders. The Defendant employed RIEFKOHL in Broward County, Florida at its offices located at 110 East Broward Boulevard, Suite 2400, Fort Lauderdale, Florida 33301.

4. The Defendant employs in excess of 15 employees and is an employer under the PDA, Title VII, ADA, and FCRA.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331, and has supplemental jurisdiction over RIEFKOHL's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the United States District Court for the Southern District of Florida because the Plaintiff was employed in Broward County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Broward County, Florida, which is within the Southern District of Florida. Venue is proper in the Fort Lauderdale Division since Broward County is within the Fort Lauderdale Division.

7. RIEFKOHL timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) on September 11, 2025, and received her Notice of Right to Sue. (*See* Exhibit 1).

**GENERAL ALLEGATIONS**

8. RIEFKOHL began her employment with the Defendant on March 3, 2023, and was employed as a Senior Interior Designer until her termination on June 26, 2025. During her employment, she received consistent salary increases and positive performance evaluations, demonstrating satisfactory job performance.

9. RIEFKOHL consistently performed her assigned duties in a professional manner and was very well qualified for her position. On January 20, 2025, she was promoted to Director of Design Services, a testament to her exceptional performance and value to the company. Her supervisor, Ryan Lindgren, Chief Growth Officer, later wrote a letter of recommendation praising her "exceptional attention to detail, creative vision, and ability to manage complex projects independently," stating her work "consistently exceeded expectations."

10. RIEFKOHL informed the Defendant of her pregnancy on or about May 2, 2025, when she disclosed to her supervisor Ryan Lindgren that she had developed pregnancy-related complications requiring accommodation.

11. Prior thereto, RIEFKOHL received great performance reviews from the Defendant's managers and had just been promoted to a director-level position.

12. However, immediately after RIEFKOHL disclosed her pregnancy and requested accommodation, the Defendant's treatment of her changed. RIEFKOHL provided her supervisor and HR with a doctor's note dated May 2, 2025, stating she needed to work from home with reduced stress and pelvic rest. A subsequent doctor's note dated May 9, 2025, reiterated these restrictions for a two-week period.

13. Despite granting her permission to work from home, Defendant failed to provide reasonable accommodation as required. Instead of reducing her workload and stress as medically directed, Defendant significantly increased her workload and stress during this period. RIEFKOHL's supervisor called her after hours requesting additional work, assigned her to the demanding HQ project with overtime requirements, and only reduced her workload after a colleague, Michael Brinkworth, personally intervened on her behalf.

14. RIEFKOHL returned to the office on May 28, 2025. Shortly thereafter, on June 3, 2025, during a one-on-one meeting with her supervisor Ryan Lindgren, he asked RIEFKOHL if she planned to get pregnant again before the end of the year. RIEFKOHL informed him that she did plan to try again.

15. Following this disclosure and prior to completing a critical 360-degree feedback evaluation of her supervisor, RIEFKOHL contacted the Senior Corporate Recruiter, Chantelle, expressing fear of retaliation. In her evaluation, completed between April 28 and May 2, 2025, RIEFKOHL documented her supervisor's favoritism toward another employee (Ingrid Milla), unequal treatment based on a precedent of accommodation he had created for a previously pregnant employee, instances of yelling and using obscene language, and explicitly stated she was afraid of retaliation.

16. After the June 3, 2025 meeting where RIEFKOHL disclosed her intention to become pregnant again, her supervisor immediately began directing her to train outside contractors to perform her core job functions, including training Infinity Group architects and architect Ernesto Cercas to create fit plans. RIEFKOHL was also assigned to develop cost-reduction plans and presentations, which she completed and submitted the day before her termination.

17. On June 26, 2025, less than eight weeks after disclosing her pregnancy, less than four weeks after returning to the office, and less than one month after stating her intention to become pregnant again, RIEFKOHL was summoned to a meeting where she was terminated. Her supervisor stated the termination was not performance-related but refused to provide any concrete reason for the adverse action beyond claiming it was due to a "group layoff of the Real Estate department."

18. Another employee terminated the same day, Bettynell DiLeo, was pregnant at the time of termination. Both women had completed the 360-degree feedback evaluation and requested equal treatment consistent with accommodations previously provided to another pregnant employee.

19. The Defendant's tangible, adverse employment actions were causally connected to RIEFKOHL's pregnancy, her disclosure of pregnancy-related complications requiring accommodation, her request for equal treatment in her 360-degree feedback evaluation, her expression of fear of retaliation, and her disclosure of intent to become pregnant again.

**COUNT I - VIOLATION OF THE PREGNANCY DISCRIMINATION ACT (PDA)**

22. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

23. At all material times, RIEFKOHL was an employee, and the Defendant was her employer covered by and within the meaning of the PDA.

24. The Defendant intentionally discriminated against RIEFKOHL because she was pregnant with regard to the terms and conditions of her employment, whereas other similarly situated non-pregnant employees, and even another previously pregnant employee (Ingrid Milla), were given unrestricted accommodation, flexible schedules, and reduced workloads.

25. The Defendant's employment and accommodation policies were applied differently to RIEFKOHL because of her pregnancy. While Defendant granted another pregnant employee (Ingrid Milla) remote work with flexible hours and reduced stress from January 2024 through May 2025, RIEFKOHL was provided accommodation in name only while her workload and stress were increased rather than decreased as medically required.

26. The Defendant intentionally discriminated against RIEFKOHL by terminating her because she was pregnant and disclosed her intention to become pregnant again.

27. The Defendant acted with malice or reckless indifference to the civil rights of RIEFKOHL.

28. RIEFKOHL has exhausted her administrative remedies and this Count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages; and

vii. Such other relief as this Court shall deem appropriate.

**COUNT II - VIOLATION OF TITLE VII - SEX DISCRIMINATION**

29. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

30. At all material times, RIEFKOHL was an employee, and the Defendant was her employer covered by and within the meaning of Title VII.

31. The Defendant intentionally discriminated against RIEFKOHL based on her sex with regard to the terms and conditions of her employment.

32. The Defendant treated RIEFKOHL differently than similarly situated male employees and differently than it had treated another female employee who was previously pregnant, demonstrating disparate treatment based on sex.

33. The Defendant intentionally discriminated against RIEFKOHL by discharging her based on her sex.

34. The Defendant acted with malice or reckless indifference to the civil rights of RIEFKOHL.

35. RIEFKOHL has exhausted her administrative remedies and this Count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages; and

vii. Such other relief as this Court shall deem appropriate.

**COUNT III - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)**

36. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

37. At all material times, RIEFKOHL was an employee, and the Defendant was her employer covered by and within the meaning of the ADA.

38. RIEFKOHL experienced pregnancy-related complications that substantially limited major life activities, including the ability to work without medical restrictions. Her physicians documented the need for remote work, pelvic rest, and reduced stress.

39. RIEFKOHL was qualified to perform the essential functions of her position with reasonable accommodation, as demonstrated by her continued work performance during her accommodation period and her recent promotion to Director.

40. Defendant failed to provide reasonable accommodation despite being provided with medical documentation of RIEFKOHL's need for reduced stress and modified work arrangements. Instead of accommodating her as medically required and as it had accommodated another pregnant employee, Defendant increased her workload and stress, causing her to work overtime and requiring intervention by a colleague.

41. The Defendant discriminated against RIEFKOHL based on her pregnancy-related disability by terminating her employment shortly after she disclosed her medical restrictions and need for accommodation.

42. The Defendant acted with malice or reckless indifference to the civil rights of RIEFKOHL.

43. RIEFKOHL has exhausted her administrative remedies and this Count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages; and

vi. Such other relief as this Court shall deem appropriate.

## COUNT IV - RETALIATION IN VIOLATION OF TITLE VII

44. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

45. At all material times, RIEFKOHL was an employee, and the Defendant was her employer covered by and within the meaning of Title VII.

46. RIEFKOHL engaged in protected activity when she completed her mandatory 360-degree feedback evaluation between April 28 and May 2, 2025, in which she opposed discriminatory practices, including her supervisor's unequal treatment and favoritism, his creation of a precedent for pregnancy accommodation that he failed to provide to her, and his pattern of unprofessional conduct including yelling and using obscene language toward her.

47. Prior to completing the evaluation, RIEFKOHL contacted the Senior Corporate Recruiter to express her fear of retaliation, demonstrating her reasonable belief that she was opposing unlawful employment practices.

48. RIEFKOHL suffered adverse employment actions, including the failure to provide reasonable accommodation despite medical documentation, increased workload and stress during her medically restricted period, being directed to train her replacements, and ultimately termination on June 26, 2025.

49. There was a causal connection between RIEFKOHL's protected activity and the adverse employment actions. The evaluation period ended May 2, 2025, the same day she disclosed her pregnancy. Her termination occurred less than eight weeks later, and less than one month after her supervisor inquired about her plans to become pregnant again—an inquiry that occurred shortly after he would have received feedback from the 360-degree evaluation process.

50. The temporal proximity between RIEFKOHL's protected opposition to discrimination and her termination, combined with the pretextual nature of Defendant's stated reason for termination, demonstrates retaliation.

51. The Defendant acted with malice or reckless indifference to the civil rights of RIEFKOHL.

52. RIEFKOHL has exhausted her administrative remedies and this Count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages; and

vii. Such other relief as this Court shall deem appropriate.

## COUNT V - RETALIATION IN VIOLATION OF THE ADA

53. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

54. At all material times, RIEFKOHL was an employee, and the Defendant was her employer covered by and within the meaning of the ADA.

55. RIEFKOHL engaged in protected activity when she requested reasonable accommodation for her pregnancy-related disability by providing medical documentation on May 2, 2025, and May 9, 2025, stating her need for remote work, reduced stress, and pelvic rest.

56. RIEFKOHL also engaged in protected activity when she opposed discriminatory practices in her 360-degree feedback evaluation, specifically requesting equal accommodation treatment that had been provided to another employee with similar medical needs.

57. RIEFKOHL suffered adverse employment actions, including the denial of effective reasonable accommodation, increased workload contrary to medical restrictions, and termination on June 26, 2025.

58. There was a causal connection between RIEFKOHL's request for accommodation and her termination. She was terminated less than eight weeks after requesting accommodation and less than four weeks after returning from her medically restricted work-from-home period.

59. The Defendant acted with malice or reckless indifference to the civil rights of RIEFKOHL.

60. RIEFKOHL has exhausted her administrative remedies and this Count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages; and

vi. Such other relief as this Court shall deem appropriate.

**COUNT VI - VIOLATION OF THE FCRA - PREGNANCY DISCRIMINATION**

61. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

62. At all material times, RIEFKOHL was an employee, and the Defendant was her employer covered by and within the meaning of the FCRA.

63. The Defendant intentionally discriminated against RIEFKOHL because she was pregnant with regard to the terms and conditions of her employment, whereas other similarly situated non-pregnant employees were given accommodation, and another previously pregnant employee was given unrestricted accommodation, flexible schedules, and reduced stress.

64. The Defendant's employment and disciplinary policies were applied differently to RIEFKOHL because of her pregnancy.

65. The Defendant intentionally discriminated against RIEFKOHL by discharging her because she had been pregnant and disclosed her intention to become pregnant again.

66. The Defendant acted with malice or reckless indifference to the civil rights of RIEFKOHL.

67. RIEFKOHL has exhausted her administrative remedies and this Count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages; and

vii. Such other relief as this Court shall deem appropriate.

**COUNT VII - RETALIATION IN VIOLATION OF THE FCRA**

68. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

69. At all material times, RIEFKOHL was an employee, and the Defendant was her employer covered by and within the meaning of the FCRA.

70. RIEFKOHL engaged in protected activity when she opposed discriminatory employment practices in her 360-degree feedback evaluation and when she requested accommodation for her pregnancy-related medical restrictions.

71. RIEFKOHL suffered adverse employment actions, including denial of effective accommodation and termination on June 26, 2025.

72. There was a causal connection between RIEFKOHL's protected activity and the adverse employment actions she suffered.

73. The Defendant acted with malice or reckless indifference to the civil rights of RIEFKOHL.

74. RIEFKOHL has exhausted her administrative remedies and this Count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages; and

vii. Such other relief as this Court shall deem appropriate.

**DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, LILY RIEFKOHL, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: February 9, 2026

**s/ Benjamin H. Yormak___________**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com